The plaintiff's testator formerly resided in the State of Tennessee, where he married and had issue, David C. Ward. On the death of his wife, he removed to this State, leaving his son David, and a considerable property, in the State of Tennessee, where David has ever resided. In this State he again married, and had issue, Joseph E. Ward, and died considerably indebted here, and to his son David $250, which was the only debt he owed out of this State. By his will he devised all his North Carolina property to his son Joseph, and all that in Tennessee to David, and authorized his executors to sell such of his property in this State as they might deem necessary and sufficient for the payment of his "just debts in this State."
The question made by the case was whether the debt due David was a proper charge upon the North Carolina estate, or not.
John D. Ward was indebted to his son David in the principal sum of $250, and devised to him all his property in Tennessee, which consisting of real and personal estate together, is of much greater value than the debt so owing from the testator to his son. In *Page 73 
order to ascertain whether the legacy shall be construed a (109) satisfaction of the debt, the general rule to govern us is that a legacy which is greater or as great as the debt shall be taken as a satisfaction; and this rule is firmly established. Notwithstanding the late cases which decide that there are circumstances, or presumptions, that the testator did not intend it as a satisfaction, the Court will lean against the rule. Where the circumstances do not exist, the rule will clearly operate, although it has never been a favorite with the courts; it being thought strange that if the estate is sufficient for both debt and bounty, the testator should not intend both. There is no circumstance in this case to repel the application of the rule; but there is, on the contrary, a clause in the will from which an inference arises that the testator was aware of the rule, and meant that it should operate. He makes a provision for the payment of his debts in this State, and none for the only debt he owed out of the State, viz., that to his son, from the belief, probably, that he was paying that debt by the legacy. If, therefore, the rule were not applied in this case, it must be disregarded in every other; but this a court has no authority to do, independently of the evils which would arise from a want of certainty in the law. I am consequently of opinion that the debt of the testator to his son David is not a charge, either in whole or in part, upon the property in this State.
PER CURIAM. Decree that the legacy to David C. Ward is a satisfaction of the debt due him.
Cited: Vandiford v. Humphrey, 139 N.C. 64.
(110)